**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:                                          §
                                                §
C&D WAREHOUSE, INC.,                            §          Case No. 04-30753-H3-11
                                                §          Chapter 11
          Debtor.                               §

**OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

  COMES NOW the Official Unsecured Creditors Committee (the "Committee") appointed in this Chapter 11 case, and hereby files its Objection to Confirmation of the Amended Chapter 11 Plan filed on May 25, 2004 at Docket Entry #123 (the "Plan"), and in support thereof would respectfully show the Court as follows:

## I.  INTRODUCTION

  1.  The Debtor filed a petition for relief under Chapter 11 on January 9, 2004.

  2.  On January 30, 2004, the U.S. Trustee's office filed a notice appointing a reconstituted Committee.  According to the claims docket, the Committee represents creditors holding approximate $7 million in claims.

  3.  On March 3, 2004, the Court entered an order authorizing the sale of substantially all of the Debtor's assets, except for cash and accounts receivable.

  4.  Since March, the Debtor has collected a total of approximately $800,000 in cash.

  5.  The Plan provides for the appointment of a Plan Agent essentially to collect all remaining assets, object to claims, pursue avoidance actions, and make distributions.

  6.  The Plan Agent has sole authority to take the steps necessary to close out the case without supervision of either the court or the creditors.

7.      During negotiations between the Debtor and the Committee, the Committee requested the Debtor to include a provision authorizing the formation of a post confirmation committee to supervise the Plan Agent in conducting his duties.

8.      The Debtor has steadfastly refused to include a provision which permits the creditors some input into how their money is distributed.  Consequently, the Committee does not support confirmation of the Plan.  Moreover, absent a post-confirmation plan committee, the Committee does not support the appointment of Miles Harper as the Plan Agent since he is given sole and exclusive authority to proceed without the need for any court or creditor supervision.

## II. Plan Violates Section 1129(a)(1)

9.      §1129(a)(1) provides that the Plan must comply with the provisions of Title 11.  The plan fails to so comply in two ways.

10.      First, §§ 1122 and 1123 require that the Debtor properly classify claims and designate classes as either impaired or unimpaired.

11.      In Section 2.4 of the Plan, the Debtor has designated Class 5 as a convenience class. Convenience classes are permitted by §1122(b).    According to Section 4.5 of the Plan, the convenience class is to be paid in full.  Notwithstanding payment in full, the Debtor has incorrectly designated  Class 5 as impaired.  This designation required by §1123(a)(3) is incorrect.  Therefore, the Plan does not comply with §1123(a)(3).  Moreover, it appears that the Debtor has intentionally made this designation in an attempt to satisfy the requirement of §1129(a)(1) that an impaired class accept the plan.  It is improper to attempt to use a convenience class which is to be paid in full to satisfy this requirement.  *See generally* In re Greystone Joint Venture, 995 F.2d 1274 (5th Cir. 1991).

12.      The second way the Plan violates §1129(a)(1) is that as a practical matter it provides for a discharge even though this is a liquidating plan.  Section 13.2 of the Plan correctly states that

§1141(d)(3) prohibits discharges with respect to liquidating plans. Notwithstanding this acknowledgment, the second paragraph of Section 13.2 states,

> The rights afforded in the Plan and the treatment of all Creditors therein will be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever. . . .

This language is tantamount to a prohibited discharge.

### III. Plan Violates §1129(a)(8)

13.     §1129(a)(8) requires that all impaired classes accept the plan.  The deadline for confirmation objections is July 6 and the deadline for voting is July 10.  Therefore, the Committee has no way of knowing if this requirement is satisfied.  However, since the Committee members will likely vote against the plan, this requirement will probably not be met.

### IV. Plan Violates §1129(a)(10)

14.     §1129(a)(10) requires that at least one impaired class accept the plan without taking into account insiders.  As stated above, the Debtor cannot use Class 5 to satisfy this requirement.  Consequently, in view of the likelihood that the non-insider creditors will vote against the Plan, this provision will probably not be met.

### V. The Plan Cannot be Crammed Down under §1129(b)

15.     §Section 1129(b) is only available if the Debtor meets all of the §1129(a) requirements except for subparagraph (8).  Thus, as stated above, if the Debtor cannot meet the requirements of §1129(a)(10) cram down is not available.

16.     Moreover, the plan is not fair and equitable as required by §1129(b).  The phrase "fair and equitable" does not simply mean compliance with the absolute priority rule. Rather, it means that the plan must be fair to the dissenting creditors.  *See* In re Spanish Lake Associates, 92 B.R. 875, 878 (Bankr. E.D. Mo. 1988) cited favorably by the Fifth Circuit Court of Appeals in In re D&F

Construction, Inc., 865 F.2d 673 (5th Cir. 1989). As stated above, the plan proposes to give carte blanche unsupervised authority to a Plan Agent over funds that belong to the creditors.  Over the creditors' objection, it is simply unfair to confirm a plan which prohibits the creditors and the Court from having input concerning the distribution of creditor money.

WHEREFORE, the Committee prays that:

1.      The Court deny confirmation of the Plan.

2.      The Court authorize the Debtor to modify the Plan to provide for a post-confirmation plan committee.

3.      The Court grant such other and further relief as is just and proper.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.


By:   _/s/ Edward L. Rothberg_____
          EDWARD L. ROTHBERG
          State Bar No. 17313990, Fed. I.D. No. 2780
          HUGH M. RAY, III
          State Bar No. 24004246, Fed. I.D. No. 22090
          MELISSA A. HASELDEN
          State Bar No. 00794778, Fed. I.D. No. 19704
          Eleven Greenway Plaza, Suite 1400
          Houston, Texas 77046
          Telephone:     713.961.9045
          Facsimile      713.961.5341

ATTORNEYS FOR THE OFFICIAL UNSECURED
CREDITORS COMMITTEE

**Master Service List**
**C&D Warehouse, Inc.**

C & D Warehouse, Inc.
1905 Turning Basin, Suite 150
Houston, TX 77029

Preston T. Towber
Goforth Lewis & Williams
1111 Bagby, 22nd Floor
Houston, TX 77002

Ellen M. Hickman
Office of the U.S. Trustee
515 Rusk, Room 3516
Houston, TX 77002

**Secured Creditors:**

Capital Bank
10304 - I-10 East
Houston, TX 77029

G E Capital
P O Box 31001
Pasadena, CA 91110-7421

**Taxing Authorities:**

Internal Revenue Service
Special Procedures Staff - Insolvency
1919 Smith, STOP HOU-5022
Houston, TX 77002

Houston ISD
P O Box 4668
Houston, TX 77210-4668

Harris County Tax Assessor
P O Box 4089
Houston, TX 77210-4089

North Forest ISD
P O Box 23278
Houston, TX 77228-3278

**Creditors Committee:**

AN/WRI Partnership, Ltd.
Attn: Jenny Hyun
2600 Citadel Plaza Drive
Houston, TX 77008

American National Insurance Co.
Attn: Frederick Black
One Moody Plaza
Galveston, TX 77550

MAK Transport, Inc.
Attn: Thomas H. Yelverston, President
7900 Lyons Avenue
Houston, TX 77029

Wooden Pallets, Ltd.
Attn: David Weaver
P O Box 555
Silsbee, TX 77656

First Industrial L.P.
Attn: Al Gabosch
8850 Jameel, Suite 100
Houston, TX 77040

Port Terminal Railroad Association
Attn: Ernest Svec
8934 Manchester
Houston, TX 77012

**20 Largest Unsecured Creditors:**

Acme Skid & Plug
P.O. Box 187
Silsbee, Texas 77656

Anico Warehouse Trust
P.O. Box 924133
Houston, Texas 77292-4133

Ferrellgas
99 Holmes Road
Houston, TX 77045

Four Star Transportation Inc.
P.O. Box 24915
Houston, Texas 77229

G & A Pallet Co.
Claico Financial Group
P.O. Box 30558
Houston, Texas 77249-0558

Greenbriar Holdings Houston LTD
c/o Chase Bank N A
P.O. Box 201944
Houston, Texas 77216-1944

IBS-Industrial
P.O. Box 427
Las Cruces, NM 88001

International Chem-Metals (USA) Inc.
P.O. Box 1295
Sugar Land, Texas 77487

International Paper
P.O. Box 676565
Dallas, Texas 75267-6565

Pacesetter Personnel Service
P.O. Box 2146
Houston, TX 77252-2146


Perry Scale Co.
P.O. Box 1474
Houston,  Texas 77251

Stewart & Stevenson
8787 East Freeway
Houston. Texas 77014

Treasurer, PTRA, Port
PO Box 2348
Houston, Texas 77252-2348


United Health Care
Small Group Accounting - EXBA
PO. Box 41758
Philadelphia, PA 19101-1738

**Parties Requesting Notice:**

Thomas W. Graves
Adair & Myers PLLC
3120 Southwest Freeway, Suite 320
Houston, TX 77098


Diana M. Woodman
Thompson & Knight LLP
333 Clay St., Suite 3300
Houston, TX 77002

Brian D. Womac / Kara F. Berry
Womac & Associates
910 Travis, Suite 1800
Houston, TX 77002

Wayne Kitchens / Steven Shurn
Hughes Watters & Askanase, LLP
1415 Louisiana, 37th Floor
Houston, TX 77002


Shelley B. Marmon
Crady Jewett & McCulley LLP
2727 Allen Parkway, Suite 1700
Houston, TX 77019-2125

Gregory G. Hesse
Jenkens & Gilchrist
1445 Ross Ave. Suite 3200
Dallas, TX 75202-2799

Don J. Knabeschuh
Parker & Knabeschuh PC
4615 Southwest Freeway, Suite 500
Houston, TX 77027-7106


Craig R. Denum
Storey & Denum
11757 Katy Freeway, Suite 1010
Houston, TX 77079

Niey-Bor Hsyung, PhD, JD
Law Offices of Hsyung & Associates
7001 Corporate Drive, Suite 109
Houston, TX 77036

Sharon H. Sjostrom
Blalack & Williams PC
1420 W. Mockingbird Ste 640
Dallas, TX 75247-4932